**UNITED STATES DISTRICT COURT**                    **CIVIL CONFERENCE**
**EASTERN DISTRICT OF NEW YORK**                    **MINUTE ORDER**

BEFORE:    A. KATHLEEN TOMLINSON            DATE:    1/29/10
           U.S. MAGISTRATE JUDGE            TIME:    11:00 AM

*RxUSA Wholesale, Inc. -v- McKesson Corp.,*  **CV 06-4343 (DRH) (AKT)**

TYPE OF CONFERENCE:            **STATUS CONFERENCE BY TELEPHONE**

APPEARANCES:    Plaintiff:    Michael Levine

                Defendant:    Terrence Connolly
                              Joseph Salama


THE FOLLOWING RULINGS WERE MADE:

        Today's conference was scheduled to address discovery issues left open at the last conference. Because the parties' letter to the Court was posted [DE 117] less than an hour before the Conference, I advised counsel that I would not be able to address all of their issues because I was not able to read through the entire submission.

I.      **McKesson's Motion For Leave To Depose Mr. Pasquale**

        On January 18, 2010, RxUSA filed a Motion [DE 112, 113] for leave to depose Peter Pasquale, an employee of Defendant McKesson, after the December 4, 2009 deadline for completing fact depositions. RxUSA contends that information learned during the depositions of two other McKesson employees showed that Mr. Pasquale "has information unique to him that is important in this case[,]" and that Mr. Pasquale's testimony would not be cumulative. DE 113. By letter dated January 22, 2010 [DE 114], McKesson opposed the Motion, arguing that RxUSA's application is actually a motion for reconsideration of this Court's prior Orders, which should be denied because "Plaintiff has not identified any new evidence or other circumstances that the Court overlooked in issuing its prior ruling that, as a consequence of its lack of diligence, Plaintiff could take the deposition of either Mr. Pasquale or Mr. Ferreira, not both[, and] Plaintiff has not offered any new information to justify the need for Mr. Pasquale's deposition." DE 114. I advised the parties verbally during today's conference that RxUSA's Motion is DENIED and that I will be issuing a written order subsequently explaining the reasons why.


II.     **RxUSA's Fourth Request For Production Of Documents**

        A.      **RxUSA's Request For An Extension**

        For the reasons set forth on the record during today's proceedings, counsel for RxUSA shall have until **February 12, 2010** to complete the search for documents responsive to the three remaining categories of requests and to deliver such documents to McKesson's counsel. Counsel for RxUSA is hereby on notice that failure to adhere to this deadline may result in the imposition of sanctions.

**B.     McKesson's Request For Documents From** *Amerisource* **Case** (Request No. 5)

As set forth in the audio record of today's proceedings, Defendant has failed to establish at this time why the documents sought in Request No. 5 (which seeks documents filed under seal in connection with a motion for sanctions in the case captioned *Amerisource Corporation, et al. v. RxUSA International, Inc., et al.*, 1:02-cv-2514) are material to the instant action.  The sanctions motion in CV 02-2514 is currently *sub judice* before Magistrate Judge Azrack.  For the reasons stated today,.  McKesson's request is DENIED, without prejudice, and with the right to renew once Judge Azarack has rendered a decision on the outstanding motion in the *Amerisource* case — assuming that Defendant can establish in good faith at that time the material nature of the information sought to this litigation.  I informed Defendant's counsel that the instant case is not trial-ready at this time and that if adjustments in the schedule become necessary in order to protect Defendant's rights, such adjustments will be given and I will discuss the same further with Judge Hurley.

**C.     McKesson's Request For Testimony From Other Proceedings Involving RxUSA**
(Request No. 6)

I find that as currently constituted, McKesson's Document Request No. 6, which seeks "[a]ll transcripts of current or former employees of any RxUSA Affiliate in which the relationship between any RxUSA Affiliates and McKEsson or this case is discussed, and any exhibits thereto[,]" is overly broad and unduly burdensome.  Counsel are directed to meet and confer in order to narrow this request.  If counsel cannot reach agreement on an appropriate request, then the Court will consider a letter motion from McKesson to compel documents which pertain narrowly to testimony of current or former employees regarding the specific allegations raised in the instant case.

The Court is reserving decision on the subsequent items set forth in DE 117 until the Court can conduct its review.


SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge