Terrence J. Connollly
Direct Dial: (212) 906-1853
Terrence.Connollly@lw.com

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Riyadh |
| Frankfurt | Rome |
| Hamburg | San Diego |
| Hong Kong | San Francisco |
| Houston | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

June 8, 2010

**VIA ECF AND U.S. MAIL**

The Honorable Denis R. Hurley
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722-4438

File No. 021532-0066

Re:  **RxUSA Wholesale, Inc. v. McKesson Corp. (06 CV 4343)**

Dear Judge Hurley:

We represent Defendant McKesson Corporation ("McKesson") in the above-referenced matter. On May 12, 2010, pursuant to Rule 3 of Your Honor's Individual Practices, we submitted a letter requesting a pre-motion conference in connection with McKesson's intention to file a Rule 56 motion for summary judgment with respect to all claims asserted by Plaintiff RxUSA Wholesale, Inc. ("RxUSA"); a copy of that letter is attached. We also proposed a briefing schedule in the event that Your Honor determined that a pre-motion conference was unnecessary. In light of intervening events, the tentative briefing schedule proposed in McKesson's May 12th letter subject to the Court's approval is no longer workable.

If the Court were to determine that a pre-motion conference is unnecessary, McKesson respectfully requests that the Court adopt the following briefing schedule:

- McKesson would serve moving papers within 45 days after the Court were to notify counsel that a pre-motion conference would not be necessary;

- RxUSA would serve opposition papers within 60 days after McKesson's moving papers are served; and

- McKesson would serve reply papers, and file all papers with the Court, within 45 days after RxUSA's opposition papers are served.

Counsel for RxUSA has consented to this proposed briefing schedule.

Additionally, as requested in my May 12th letter, counsel for plaintiff and defendant jointly request that the Court allow an additional 10 pages for both McKesson's opening brief and RxUSA's opposition brief, and an additional 5 pages for McKesson's reply brief.

LATHAM&WATKINS LLP

      The parties remain available for a pre-motion conference in the event that such a conference would be useful to the Court.

                                      Respectfully,

                                      Terrence J. Connolly

cc:    Michael Levine, Esq. (via e-mail)
        Attorney for Plaintiff RxUSA Wholesale, Inc.

Enc.

Terrence J. Connolly
Direct Dial: (212) 906-1853
Terrence.Connolly@lw.com

# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Moscow |
| Barcelona | Munich |
| Beijing | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Riyadh |
| Frankfurt | Rome |
| Hamburg | San Diego |
| Hong Kong | San Francisco |
| Houston | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

File No. 021532-0066

May 12, 2010

**VIA ECF**

The Honorable Denis R. Hurley
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722-4438

Re:   <u>RxUSA Wholesale, Inc. v. McKesson Corp. (06 CV 4343)</u>

Dear Judge Hurley:

Pursuant to Rule 3 of Your Honor's Individual Practices, we write on behalf of Defendant McKesson Corporation ("McKesson") to request a pre-motion conference in connection with McKesson's intention to file a Rule 56 motion for summary judgment with respect to all claims asserted by Plaintiff RxUSA Wholesale, Inc. ("RxUSA"). In the alternative, should Your Honor determine that a pre-motion conference is unnecessary, we request that an order be issued adopting the following briefing schedule, which counsel for plaintiff and defendant have agreed upon (subject to Your Honor's approval):

- McKesson shall serve moving papers on or before June 30, 2010;

- RxUSA shall serve opposition papers on or before August 27, 2010; and

- McKesson shall serve reply papers, and file all papers with the Court, on or before September 27, 2010.

As alleged in the amended complaint in this action, dated September 18, 2006 ("Amended Complaint"), RxUSA is one of five related companies that were customers of McKesson under a three-year "Supply Agreement" entered into on October 1, 2003 and later modified by amendment. McKesson exercised its contractual right to terminate the Supply Agreement at will effective in May 2006, four months before the end of its term. The Amended Complaint asserts three claims against McKesson in connection with the Supply Agreement and its termination. McKesson intends to move for summary judgment on each claim.

May 12, 2010
Page 2

**LATHAM&WATKINS**LLP

<u>Count I</u>: RxUSA alleges that McKesson breached Section 3(B) of the Supply Agreement by failing to deliver all of the products it allegedly ordered from McKesson. (Amended Complaint ¶ 29.) In denying McKesson's motion to dismiss, Your Honor held that the question of whether McKesson had met its alleged obligations to deliver product to RxUSA could not be decided on the face of the contract. *See* Memorandum and Order, dated July 2, 2009 ("Order"), at 9.

Discovery has recently concluded in the case. As a result of this discovery, there is no genuine issue of material fact with respect to whether McKesson met its alleged obligations to deliver product to RxUSA. As Your Honor's decision on the motion to dismiss recognized, *see* Order, at 12-13, under New York's Statute of Frauds, McKesson's obligation to provide product to RxUSA under the Supply Agreement cannot be enforced "beyond the quantity of goods shown in such writing." N.Y. U.C.C. §§ 2-201(1), (3)(b); *Nora Beverages, Inc. v. Perrier Group of America, Inc.*, 164 F.3d 736, 749 (2d Cir. 1998). Discovery in the case has now demonstrated that McKesson delivered to RxUSA more product than the quantity set out in the Supply Agreement. Similarly, in the decision on the motion to dismiss, the Court noted that it was not clear from the face of the Amended Complaint or the contract how many "facilities" RxUSA had, hence it could not rule on a motion to dismiss that McKesson had met its delivery obligations under the contract. Discovery has now revealed that there is no genuine dispute about the number of facilities that RxUSA had. McKesson's motion for summary judgment will demonstrate that it met any obligation it had to deliver product to RxUSA.

<u>Count II</u>: For its second count, RxUSA seeks a declaration that the exclusion of special, consequential, incidental and indirect damages contained in Section 19(Q) of the Supply Agreement is unenforceable because it is "unconscionable and void as against public policy under the law of the State of New York." (Amended Complaint ¶ 37.) In the decision on the motion to dismiss, Your Honor noted that, although the Court could not rule on this issue on a Rule 12 motion, the issue should be decided pre-trial, and would be "best addressed in a summary judgment context." Order, at 21. Having concluded discovery, it is now clear that there is no genuine issue of material fact regarding the enforceability of this provision and it is clear that Section 19(Q) is fully enforceable. As a result, Count II should be dismissed as a matter of law.

<u>Count III</u>: RxUSA alleges that McKesson breached the return provisions of the Supply Agreement by refusing to accept returns "in or about July of 2006." (Amended Complaint ¶ 45.) However, discovery has demonstrated that that RxUSA is not holding any product for return to McKesson, nor have any of RxUSA's customers held it responsible for the value of any product that would have been returned through McKesson had McKesson continued to accept RxUSA's returns after the Supply Agreement was terminated. Hence, this claim too should be dismissed.

Finally, discovery has demonstrated that even if the damages sought by RxUSA for McKesson's alleged breaches were recoverable, RxUSA has failed to prove such damages. McKesson intends to move for summary judgment with respect to the issue of damages as well.

**LATHAM&WATKINS**LLP

      For the foregoing reasons, McKesson respectfully requests that the Court adopt the briefing schedule agreed upon by counsel for plaintiff and defendant set out above or, in the alternative, schedule a pre-motion conference. Additionally, counsel for plaintiff and defendant jointly request that the Court allow an additional 10 pages for both McKesson's opening brief and RxUSA's opposition brief, and an additional 5 pages for McKesson's reply brief.

                                      Respectfully,

                                      Terrence J. Connolly

cc:     Michael Levine, Esq.
        Attorney for Plaintiff RxUSA Wholesale, Inc.